UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH D. GREEN,

        Plaintiff,

v.                                 CASE No. 8:05-CV-1275-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

        Defendant.

_____

## O R D E R

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[2]  Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

The plaintiff, who was thirty-four years old at the time of the administrative hearing and who has a high school education (Tr. 29, 232), has

---

[1]Michael J. Astrue became the Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Jo Anne B. Barnhart as the defendant in this suit.

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 8).

worked as a truck driver, an auto parts clerk, game room supervisor, lumber yard laborer, and kitchen helper (Tr. 245, 247).  He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to seizures, depression, loss of partial vision in the left eye, and cervical vertebrae out of alignment (Tr. 195, 213). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge.  On April 21, 1998, the law judge issued an unfavorable decision (Tr. 137).  Subsequently, on August 5, 1999, the Appeals Council vacated the decision and remanded the case for further consideration (Tr. 175-76).

Thereafter, a hearing was held before a different law judge (Tr. 61-124).  That law judge found that the plaintiff has severe impairments of headaches, dizzy spells and anxiety (Tr. 32).  He concluded that these impairments restricted the plaintiff to medium exertional work involving simple, repetitive tasks in a low-stress environment with minimal production goals and time constraints (Tr. 34). The law judge also included additional restrictions against walking on uneven surfaces, climbing, balancing, working around heights and dangerous machinery, and working while exposed to

noise, temperature extremes, and vibrations (id.).  The plaintiff, further, is to have no more than occasional exposure to the public and co-workers (id.). The law judge determined that these limitations precluded the plaintiff from returning to past work (Tr. 34, 36).  However, based upon the testimony of a vocational expert, the law judge decided that there were jobs in the national economy that the plaintiff could perform, such as a horticulture worker, caretaker, produce inspector, marker, and housekeeper cleaner (Tr. 35).  The plaintiff was therefore found to be not disabled (id.).  The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C.

423(d)(3), 1382c(a)(3)(D).   In this case, the plaintiff must show that he became disabled before his insured status expired on December 31, 1996, in order to receive disability benefits.   42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952. There is not a similar requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).  Therefore, in determining whether the Commissioner's decision is

supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff testified at the hearing that his disability problems began on December 7, 1994, while he was working as a truck driver and driving back from Jacksonville (Tr. 66). He stopped to fuel his truck in Ocala and went inside to speak with the cashier (<u>id</u>.). The plaintiff said that he then became dizzy and passed out for close to fifteen minutes (<u>id</u>.; <u>see also</u> Tr. 457). Consequently, although he has other problems, he emphasizes that he has a constant feeling of being disoriented (Tr. 68-69). He explained that it is "not really a dizziness," but "[i]t's more of a surreal-type of disoriented-type feeling" (Tr. 67).

The plaintiff challenges the law judge's denial of benefits on two grounds. Neither has merit.

A.  The plaintiff asserts that the law judge failed to explain his reasons for discounting the testimony at the administrative hearing of a medical expert, Dr. Michael Eastridge, who is a psychologist specializing in neuropsychology (Tr. 98).  The plaintiff asserts that Dr. Eastridge testified that, "if he considered the physical impairments along with the mental impairments and Mr. Green's fears of those physical impairments, Mr. Green would not be able to maintain eight-hour a day employment at any level" (Doc. 19-1, p. 3).  This assertion mischaracterizes Dr. Eastridge's testimony and fails to acknowledge that the law judge essentially accepted Dr. Eastridge's relevant opinions.

At the outset, it is appropriate to note that Dr. Eastridge is neither a treating nor examining mental health expert.  Since he heard the plaintiff's testimony, he may have an advantage over a non-examining, reviewing expert, but, in all events, he is not entitled to the special weight given to a treating expert.  <u>See</u> <u>Wainwright</u> v. <u>Commissioner of the Social Security Administration</u>, 2007 WL 708971 *2 (11th Cir. 2007) (unpub. dec.).  Moreover, he is not a medical doctor and thus does not have the expertise to evaluate the plaintiff's physical problems.

The law judge in his decision fairly summarized Dr. Eastridge's testimony (Tr. 31).  Moreover, the law judge accepted Dr. Eastridge's assessment of the plaintiff's mental functional limitations (Tr. 33-34).  The mental health expert opined that the plaintiff would have a moderate limitation in activities of daily living and a slight limitation in social functioning; would often have difficulty in concentration, persistence or pace; and would have one or two episodes of decompensation (id.; Tr. 101-02).  The law judge adopted these limitations (see Tr. 50-51).[3]

The plaintiff appears to base his contention that Dr. Eastridge said the plaintiff could not maintain employment upon the following testimony from the expert (Tr. 103):

> A.  Record indicates that - - that he hasn't been working because of his condition ... and so with respect to anxiety and somatization, I think he would avoid exertion.
>
> Medical record indicates that exhaustion causes these episodes to occur, to be worse.  And I think he will avoid exertion and he will not put himself in the situation to maintain employment for eight hours a day on a regular basis.

---

[3]Notably, Dr. Eastridge opined, contrary to the opinion of a prior examining psychologist, that the plaintiff did not have a somatoform disorder (Tr. 110).  The law judge agreed with Dr. Eastridge on that point (Tr. 39, 47-48).

However, the law judge's follow-up question was (<u>id</u>.):

> Q.  Let me ask the question a little different way. Regardless of the claimant's motivation, does the severity of the impairments that are documented in the record, without regard to the claimant's testimony, reasonably support a finding that the claimant could not work on a competitive basis at any level?
>
> A.  No.

Furthermore, the law judge read to Dr. Eastridge the following evaluation that had been rendered by Dr. Gerald J. Hodan, an examining psychologist (Tr. 109):

> As regards psychological work capabilities, does indicate that he hasn't worked for over two years because he can't drive anymore.  It would seem, however, there are no significant deficits in attention, concentration, or memory functions.  He would also appear capable of following simpl[e], briefly stated instructions, and completing a task which is at an unskilled level and only requires him to do the same job activity on a routine, repetitive basis.
>
> He probably cannot handle stress very well and would be in a stress-free work environment.  He relates pleasantly today and wouldn't seem to have any difficulty in developing and maintaining smooth relationships with others.

Dr. Eastridge testified that he did not have a disagreement with that statement (Tr. 110). Accordingly, consistent with this evidence, the law judge concluded that the plaintiff's mental impairments restrict the plaintiff to low-stress jobs with minimal production goals and time constraints involving simple, repetitive tasks, and no more than occasional contact with others (Tr. 31, 36).

The plaintiff's assertion that Dr. Eastridge said that the plaintiff cannot maintain full employment is predicated on Dr. Eastridge's thought that the plaintiff "will avoid exertion and will avoid work" (Tr. 104). Similarly, in this vein, Dr. Eastridge stated that the plaintiff, because of fears of becoming light-headed, was not engaging in daily activities, but "[i]t doesn't mean he can't or he mentally can't do it. He's just not doing it" (Tr. 106). Further, Dr. Eastridge said that, without the plaintiff's testimony, the record does not indicate that the plaintiff's condition is as severe as the plaintiff said (id.). Significantly, the law judge discounted the plaintiff's testimony (Tr. 33-34), and the plaintiff has not challenged that credibility determination.

Under these circumstances, the plaintiff's contention that the law judge failed to explain why he discounted Dr. Eastridge's testimony is unpersuasive. For the most part, the law judge did not discount Dr.

Eastridge's testimony, but rather accepted it.  He did not accept as a basis for a finding of disability the plaintiff's approach of avoiding work because he was concerned about becoming light-headed.  The law judge has imposed sufficient restrictions to safeguard against injury from any substantial exacerbation of that condition.  Moreover, the law judge expressly found that the plaintiff's subjective symptoms are not as great as he said (Tr. 33-34).  It is noted, in this respect, that the plaintiff, at times, has played golf (Tr. 238, 318) and worked as a handyman (Tr. 310).  The law judge, therefore, has provided an adequate explanation for his decision so as to permit meaningful judicial review.

B.  The plaintiff also asserts that the law judge failed to evaluate the combination of his impairments of headaches, dizzy spells, and anxiety, and their effect on his ability to work (Doc. 19-1, pp. 4-6).  This contention is similarly unpersuasive.

A law judge must not only consider every impairment, but must consider the combined effect of the impairments.  Hudson v. Heckler, 755 F.2d 781, 785 (11th Cir. 1985).  The law judge recognized that he had to consider the combined effects of the plaintiff's impairments, stating (Tr. 32):

> A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities (20 CFR §§ 404.1521 and 416.921). The Regulations require that if a severe impairment exists, all medically determinable impairments must be considered in the remaining steps of the sequential analysis (20 CFR §§ 404.1523 and 416.923).

He said further that "[t]he term 'residual functional capacity' is defined in the Regulations as the most an individual can still do after considering the effects of physical and/or mental limitations that affect the ability to do work-related tasks" (Tr. 33).

The law judge's consideration of the combined effects of all of the plaintiff's impairments is reflected further in the hypothetical question presented to the vocational expert (Tr. 113). Thus, the hypothetical question included physical limitations, due to the plaintiff's dizzy spells and headaches, of avoiding driving, working around heights and dangerous machinery, climbing, balancing, walking on uneven surfaces, temperature extremes, noise and vibration (id.). The law judge further included mental limitations, relating to the plaintiff's anxiety, of simple, repetitive, routine job tasks in a low-stress environment with no more than occasional contact with the public and co-workers, and with minimal production goals and time constraints (id.).

The plaintiff completely fails to identify any additional function limitations that the law judge should have considered (see Doc. 19-1, pp. 4-6).  The plaintiff therefore has not shown that the law judge did not consider the combined effects of the plaintiff's impairments.

IV.

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence and does not contain any reversible error. Therefore, the Commissioner's decision is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 20th day of March, 2007.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE